706 A.2d 1191

NORMAN STEVENS, PETITIONER–APPELLANT, v. BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEE'S RETIREMENT SYSTEM, RESPONDENT–RESPONDENT, THE TOWNSHIP OF BRIDGEWATER, INTERVENOR–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 24, 1998—Decided March 13, 1998.

Before Judges STERN, KLEINER and KIMMELMAN.

*William M. Lanigan,* argued the cause for intervenor-appellant.

*Christine Roy,* Deputy Attorney General, argued the cause for respondent (*Peter Verniero,* Attorney General, attorney; *Mary C. Jacobson,* Assistant Attorney General, of counsel; *Denise M. Crump,* Deputy Attorney General, on the brief).

*Norman Stevens,* appellant *pro se,* joins in the brief of intervenor-appellant.

The opinion of the court was delivered by

KLEINER, J.A.D.

In a prior reported opinion of this court, *Stevens v. Board of Trustees of the Public Employees' Retirement System,* 294 *N.J.Super.* 643, 684 *A.2d* 104 (App.Div.1996) (*Stevens I*), we reversed a decision which denied pension benefits to petitioner Norman Stevens and which, as entered, would have required Stevens to repay to PERS $23,162.02. That decision would have required the Township of Bridgewater to pay to PERS those pension benefits it had not deducted from monies paid to Stevens for the period between January 1, 1993, and January 31, 1994. Our opinion fully explains the operative facts underlying this administrative decision and for the purposes of this appeal, we adopt those facts herein by reference.

Pursuant to our remand, PERS reconsidered the evidence that had been originally presented to an Administrative Law Judge (ALJ). Thereafter, PERS issued a detailed opinion reaching the same result it had reached originally, to the effect that petitioner was an "employee" within the meaning of *N.J.S.A.* 43:15A–57.2. Petitioner and the Township have separately appealed from the

revised PERS decision. We have consolidated these appeals for disposition. We affirm.

■ The controlling statute is *N.J.S.A.* 43:15A–57.2, which provides:

> If a former member of the State Employees' Retirement System or the retirement system, who has been granted a retirement allowance for any cause other than disability, *becomes employed again in a position which makes him eligible to be a member of the retirement system,* his retirement allowance and the right to any death benefit as a result of his former membership, shall be canceled until he again retires.
>
> Such person shall be re-enrolled in the retirement system and shall contribute thereto at a rate based on his age at the time of re-enrollment. . . . (emphasis added).

The effect of the statute is that one who has begun receiving pension benefits, such as petitioner, may not continue receiving those benefits "while continuing in employment" in the same position or in any other position requiring PERS membership. *Vliet v. Board of Trustees of the Public Employees' Retirement System,* 156 *N.J.Super.* 83, 89, 383 *A.*2d 463 (App.Div.1978). The purpose is to prevent professionals from manipulating the pension system by working part-time for governmental agencies while receiving a public pension. The role of the PERS board is "to preserve the fiscal integrity of the PERS by vigilantly guarding against abuses." *Mastro v. Board of Trustees, Public Employees' Retirement System,* 266 *N.J.Super.* 445, 456, 630 *A.*2d 289 (App. Div.1993).

At issue on appeal is whether petitioner was "employed again" in the office of the tax assessor, or instead, whether he was only an independent contractor who was not eligible for PERS membership. The statute does not define employment in this context. Hence, the appeal turns on what test is to be applied in determining employment status.

As we noted in *Stevens I, supra,* 294 *N.J.Super.* at 652–54, 684 *A.*2d 104, the essential difference between the analysis by the ALJ and PERS was PERS's decision to utilize the Internal Revenue Service Revenue Ruling 87–41, 1987–1 C.B. 296 and the ALJ's

reliance upon *Smith v. E.T.L. Enterprises,* 155 *N.J.Super.* 343, 382 *A.*2d 939 (App.Div.1978).

On remand, PERS concluded that the *Smith* test used by the ALJ "is virtually identical to that set forth by the IRS." PERS noted that the IRS test is "more thorough" and allows for an extensive examination of the relationship between the Township and petitioner. We agree with that conclusion.

In *Stevens I,* we also noted:

> ▮ the Board had made its own independent findings of fact and conclusions of law, to reverse that decision we would have had to conclude that the Board's interpretation of *N.J.S.A.* 43:15A–57.2 was plainly unreasonable. Because the Board failed to articulate any findings of fact whatsoever and failed to apply those facts, as found, to the pertinent statute, we are compelled to reverse.
>
> [*Stevens I, supra,* 294 *N.J.Super.* at 652, 684 *A.*2d 104.]

On remand, the board made substantial findings of fact. It is unnecessary for us to repeat those findings. Suffice to say, the findings of fact and the board's conclusions fill the void which necessitated our original remand.

▮ We also conclude that the use of the Revenue Ruling did not violate the Administrative Procedure Act, *N.J.S.A.* 52:14B–1 *et seq.* PERS correctly argues that it used the Revenue Ruling to adjudicate the legal rights of the one person before it, not to declare a rule of general applicability. PERS correctly relies on the statutory definition of a rule and on one of its exceptions:

> (e) "Administrative rule" or "rule," when not otherwise modified, means each agency statement of general applicability and continuing effect that implements or interprets law or policy, or describes the organization, procedure or practice requirements of any agency. The term includes the amendment or repeal of any rule, but *does not include:* (1) statements concerning the internal management or discipline of any agency; (2) intraagency and interagency statements; and (3) *agency decisions and findings in contested cases.*
>
> [*N.J.S.A.* 52:14B–2(e) (emphasis added).]

The board's decision falls squarely within the third exception— "agency decisions and findings in contested cases."

▮ Although we agree with petitioner that PERS wrongly imposed on him the burden of proving his entitlement to continued pension benefits, and that the burden of proof was on PERS as

that agency was attempting to revoke petitioner's eligibility for a pension, *see Skulski v. Nolan,* 68 *N.J.* 179, 200-01, 343 *A.*2d 721 (1975) (holding that county pension agency had the burden of proving that pension awards should be terminated), we cannot conclude that the improper allocation of the burden of proof affected the result. Notwithstanding the erroneous allocation of the burden of proof, the board fully and thoroughly analyzed all of the evidence and the written agreement between the Township and petitioner. It is clear that the result would have been the same irrespective of the burden of proof.

When an administrative agency makes a finding of fact, we will not disturb that decision unless the finding is not supported by substantial credible evidence. *Gerba v. Board of Trustees of the Public Employees' Retirement System,* 83 *N.J.* 174, 189, 416 *A.*2d 314 (1980); *Henry v. Rahway State Prison,* 81 *N.J.* 571, 579–80, 410 *A.*2d 686 (1980). As noted, the board's most recent review resulted in substantial findings of fact and are supported by credible evidence in the record.

Affirmed.