**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1058-17T2

A. ZACHARY YAMBA,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

      Respondent-Respondent.

_____

Argued May 13, 2019 – Decided May 29, 2019

Before Judges Messano and Fasciale.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. 2-10-244595.

Syrion Anthony Jack argued the cause for appellants A. Zachary Yamba and Board of Trustees (Essex County College, attorneys; Joy B. Tolliver, of counsel; Syrion Anthony Jack, on the briefs).

Adam Blake Masef, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney

General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Adam Blake Masef, on the brief).

PER CURIAM

A. Zachary Yamba (Yamba) appeals from a final decision by the Board of Trustees (Board), Public Employees' Retirement Systems (PERS), denying his request for exemption from re-enrollment in PERS. N.J.S.A. 43:15A-57.2 (the PERS re-enrollment statute) governs this appeal, which the Board applied correctly in its final decision. We affirm substantially for the reasons expressed by the Board, and add the following brief remarks.

In April 2010, Yamba retired as President of Essex County College (ECC). From May 2010 to April 2016, he received a monthly pension of $16,459.80. In April 2016, ECC rehired Yamba as Acting President, and that summer, the Division of Pension and Benefits notified him that he had to re-enroll in PERS. Yamba argued he was statutorily exempt from re-enrollment, but the Board rejected that argument.

On appeal, Yamba contends that the Board erroneously interpreted the PERS re-enrollment statute. He maintains that only ECC can determine his salary, and that the Board's decision penalizes him because he is a qualified and experienced retiree. Yamba contends that his return to employment – as a non-

teacher – filled a "critical need" position at ECC, and that he is therefore exempt from re-enrolling in PERS.

The PERS re-enrollment statute generally addresses pension ramifications of reemployment. N.J.S.A. 43:15A-57.2(a) governs cancellation of one's retirement allowance. Except as to subsections (b), (c), and (d), section (a) provides in part that

> if a former member of the State Employees' Retirement System or the retirement system, who has been granted a retirement allowance for any cause other than disability, becomes employed again in a position which makes him eligible to be a member of the retirement system, his retirement allowance and the right to any death benefit as a result of his former membership, shall be canceled until he again retires.

Subsection (b) renders these "cancellation, re-enrollment, and additional retirement allowance provisions" inapplicable "to a former member of the retirement system who, after having been granted a retirement allowance, becomes employed again by . . . an employer or employers in a position or positions for which the aggregate compensation does not exceed $15,000 per year." Under subsection (c), there are two exceptions to the requirement that one re-enroll in PERS:

> The cancellation, re[-]enrollment, and additional retirement allowance provisions of subsection a. and the compensation limitations of subsection b. of this

section shall not apply to a former member of the retirement system who, after having been granted a retirement allowance, becomes employed by the State Department of Education in a position of critical need as determined by the State Commissioner of Education, or becomes employed by a board of education in a position of critical need as determined by the superintendent of the district . . . .

Neither exception applies to Yamba. Neither the State Department of Education nor a board of education hired him; and his position as Acting President of ECC had not been determined to be one of "critical need" as that term is used in the PERS re-enrollment statute.

As to the "critical need" exemption under subsection (c), Yamba was a community college administrator, not a teaching staff member of ECC. In 2001, the Legislature amended the PERS re-enrollment statute "to encourage PERS retirees to reenter public service as teaching staff members in public institutions of higher education in this State." Sponsor's Statement to A. 988 (L. 2001, c. 253). Non-teacher staff members at colleges are not exempt from PERS re-enrollment. The purpose of the Legislative amendments was to "provide significant contributions to higher education" by incentivizing retired teachers to return to teaching positions. Ibid. Moreover, the amendment to N.J.S.A. 43:15A-57.2(c) "allows the Department of Education and school districts to address shortages of certain qualified professional personnel through

4

employment of [Teachers' Pension and Annuity Fund (TPAF)] and PERS retirees without re-enrollment in their retirement systems." Sponsor's Statement to A. 3848 (L. 2001, c. 355). Such qualified professional personnel would be determined by the Commissioner of Education. Ibid. Thus, there is no support for Yamba's claim that the Legislature intended all non-teaching staff to be exempt from the PERS re-enrollment statute.

The general effect of the PERS re-enrollment statute is that once an individual begins receiving pension benefits – like Yamba – that person "may not continue receiving those benefits 'while continuing in employment' in the same position or in any other position requiring PERS membership." Stevens v. Bd. of Trs., Pub. Emps.' Ret. Sys., 309 N.J. Super. 300, 303 (App. Div. 1998) (quoting Vliet v. Bd. of Trs., Pub. Emps.' Ret. Sys., 156 N.J. Super. 83, 89 (App. Div. 1978)). In Stevens, we stated that the purpose of the statute is to "prevent professionals from manipulating the pension system by working part-time for governmental agencies while receiving a public pension." Ibid. And the Board guards against any such abuse. Ibid. The Board did just that.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1058-17T2